## John W. Carroll *v.* Thomas Miner, Appellant.

*Deeds—Rules of construction, as to limitations and descriptions.*

The limitations in a conveyance are always matters of law. What lands are described are often matters of fact. The operation of the deed as to the nature of the estate is for judicial construction; the description of the property, its extent, often is a mixed question of law and fact.

*Execution—Ambiguous levy—Construction—Question for jury.*

Where matters of description are controlled by the call for buildings which are to be erected as monuments, it must be presumed that the sheriff intended to levy and did levy upon all the land upon which the buildings actually stand; whether more land was included in the levy must be left to the jury to consider under all the evidence taken in connection with the description.

When, taking the description as a whole, there is a seeming contradiction, when attempt is made to apply it to the land, and when the question arises whether the levy was upon three distinct and separate lots, or upon three contiguous lots the question is one properly for the jury.

Argued February 14, 1898. Appeal, No. 3, Feb. T., 1898, by defendant, from judgment of C. P. Sullivan Co., Sept. T., 1894, No. 96, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY and SMITH, JJ. Affirmed.

Ejectment for one lot of land in Dushore, Sullivan county, Pa. Before DUNHAM, P. J.

The facts indicating how this action arose and plan of the lots are set forth in the former report of the case of Carroll v. Miner, 1 Pa. Superior Ct. 439–443.

The jury found the following verdict: " They find for the plaintiff all land between said buildings, the liquor house and barn." Defendant appealed.

*Errors assigned* were (1) in that part of its charge to the jury which reads as follows: "You, gentlemen, are to determine this question; you are to determine from the metes and bounds, from the improvements upon it, and from all these things you are to reconcile the description by metes and bounds with the description by improvements if you can. If you cannot, then you are to consider all these things, and after considering what improvements are upon them, what monuments there are upon

the ground, you are to decide what was actually levied upon by the sheriff and sold by the sheriff to Thomas Miner." (2) In that part of its charge to the jury which reads as follows : " If the description by metes and bounds and by improvements does not cover all of the lot marked on this draft as J. W. Carroll, for that is all the lot that is in controversy, then you should find for the plaintiff for such part of the lot marked here, J. W. Carroll, as you find is not covered by the description in the levy." (3) In that part of its charge to the jury which reads as follows : " He (meaning the sheriff) has marked upon it that it contains a barn. Now, you could divide that barn, you could not take any portion of that barn so but what the lot, all of the lot that the barn is situated upon, should be given to this defendant, so that if the barn covers any portion of the lot of J. W. Carroll, certainly the sheriff meant to take all of that lot, at least that was covered by the barn, because whatever was there that the barn was upon he described it as being upon it. Then, again, he described the lot as having thereon erected a frame two-story dwelling and liquor store. That is a monument upon the ground which shows that the sheriff intended to cover, and if you find he levied upon all the lot that the liquor store stands upon and if any more, you are to find it from the description, there must be something in the description that covers it, and we leave it to you whether there is anything that covers anything more, in this description, than that which is covered by the barn and the liquor store." (4) In its qualification of the defendant's second point which was as follows: " If the jury find that the lot in dispute in this case was described in the sheriff's levy upon the Adriance Platt writ by the buildings and trees located upon it and that another lot was described by courses and distances, and it appeared that John Miner owned the lot described by the buildings and trees and did not own the lot described by courses and distances, the description of the lot he owned should be taken to be the true description, and the other rejected as false. *Answer :* That, gentlemen, we do not affirm as there written. We say to you that you are to take the descriptions of this whole matter, this whole levy, and consider them by metes and bounds, consider the descriptions by the improvements upon them, consider the fact also that it is the duty of the sheriff to levy upon the lands

of the defendant in the writ, consider the fact also that the defendant did not own lot No. 3, and then you ascertain where, from all of those considerations the sheriff did actually locate his levy, upon what property he made his levy, and what was included in it." (5) In its answer to the plaintiff's second point which was as follows: " In locating lots the lines of survey may be extended to monuments of description but are not run past monuments. If the jury believe the liquor store is a monument describing the land in the Adriance Platt & Company levy they can extend the thirty-three and one third foot lines of lot No. 3, to include the liquor store, and may consider that the sheriff intended no more in the levy on the Adriance Platt writ. *Answer:* Gentlemen, we will divide that up somewhat. We will say to you in answer to the first part of this point, ' In locating lots the lines of survey may be extended to monuments of description, but are not run past monuments,' we say they are not run past monuments that are there as monuments of the lines or monuments of the extent of the survey, or deed, whatever it is, the description, but if they are simply put on there and say for instance a house thereon erected, it does not necessarily stop at such a monument. The second part, ' If the jury believe the liquor store is a monument describing the land in the Adriance Platt & Company levy they can extend the thirty-three and one third foot lines of No. 3, to include the liquor store, and may consider that the sheriff intended no more in the levy on the Adriance Platt writ,' that part we affirm, and say to you that you should extend it that far at least." (6) In its answer to the plaintiff's third point. The point and answer are as follows : " If the jury believe the facts as claimed by Thomas Miner, defendant, viz : That the dwelling house and liquor store are upon one foundation, and are monuments of description in the levy on the Adriance Platt & Company writ, ruling the length of the thirty-three and one third lines of lot No. 3, and also believe the sheriff intended to do his duty and not injure John Miner, the defendant in the executions ; these facts may be considered by the jury as evidence that the sheriff only intended to sell portions of the lot claimed by Carroll covered by the buildings. *Answer:* We say to you, gentlemen, that that is for you to say what the sheriff actually did levy upon and did cover by his descriptions, not so much what he

intended as what he did, and the intentions are to be ascertained by what he did and evidences furnished of it." (7) In affirming the plaintiff's sixth point which was as follows : " If the jury believe that the liquor store ought not to be divided, as claimed by the defendant,—that fact does not deny the right of the jury to divide the lot in dispute if they think the evidence so warrants. (8) In affirming the plaintiff's ninth point which was as follows : " The plaintiff is not bound to make out his title to the whole lot claimed. He may have a verdict for part of the lot described in the writ of summons. If the jury believe from the evidence that the plaintiff is entitled to all that part of the lot claimed by him lying between the line of the liquor store on the northern side, and the old wagon shed on the southern side, and fronting on German street, and extending back to the line of lot sold McMahan, under the McMahan writ, they have the right of so finding a verdict. (9) In affirming the plaintiff's tenth point, which was as follows : " If the jury believe from the evidence that the plaintiff is entitled to recover the land described in the writ of summons, excepting therefrom that portion of the lot covered by the liquor store, they have a right to return a verdict in that form.

*J. G. Scouten*, with him *D. C. De Witt*, for appellant.—The jury should have been instructed that what is most material and most certain should prevail over that which is less material and less certain : Carroll v. Miner, 1 Pa. Superior Ct. 439, 454.

That portion of the charge which constitutes the second and third assignments is misleading, and undoubtedly did mislead the jury in this case, judging from their verdict. It is the requirement of the law, that if any part of an entire establishment, such as a mill or foundry or a furnace establishment, be seized in execution, the whole must be sold. If the descriptive parts of the levy omit anything which is parcel of the whole, we must look to the entire levy to see what was intended to be seized : Wright v. Chestnut Hill Iron Ore Co., 45 Pa. 475.

A sheriff has no power himself to divide lands in making a levy. He must follow the divisions made by the owner : Lodge v. Barnett, 46 Pa. 477.

Actual notice of an adverse title will generally conclude a purchaser at sheriff's sale and he will then stand in the same situation as the defendant: Coleman v. Lewis, 27 Pa. 291; Patton v. Hollidaysburg, 40 Pa. 206.

*John H. Cronin* and *E. J. Mullen*, for appellee.—The nine assignments of error taken together in reality, raise but one question for the determination of the court. They all complain of the instruction of the court below to the jury, as to the way to locate the land in controversy from the evidence in the case. The instructions given by the learned court below are correct: Santee v. Keister, 6 Binn. 36; Carroll v. Miner, 1 Pa. Superior Ct. 439, 450.

A question of location or the application of a grant to its proper subject-matter, is a question of fact to be determined by the jury by the aid of extrinsic evidence: Steigleder v. Marshall, 159 Pa. 77; Hoffman v. Danner, 14 Pa. 25.

OPINION BY RICE, P. J., July 29, 1898:

On the first trial of this case the court instructed the jury, that the levy under the Adriance Platt & Co. writ was upon three distinct lots, and that in locating the lines of these lots they should be governed by the courses and distances mentioned in the levy, although the result might be to exclude from the levy a portion of the liquor store described therein as being upon the lots. We held upon appeal that this was error. " Taking the description as a whole there is a seeming contradiction when we come to apply it to the land; the question then arises whether the levy was upon three distinct and separate lots, or upon the three contiguous lots upon which the buildings stand, and which were owned by John Miner and used as one property. It seems to us, after a very careful examination of the cases, that this question should have been submitted to the jury:" Carroll v. Miner, 1 Pa. Superior Ct. 439, 452. The trial judge followed this instruction upon the second trial and the jury have found that a portion of the land in controversy, not actually occupied by the buildings referred to in the description, i. e., that portion lying between the liquor store and the barn was not embraced in the levy, and, therefore, did not pass by the sale under the Adriance Platt & Co. writ.

We remain of the opinion, that the application of the description to the land was, under all the evidence, a question for the jury, and that it would have been error to instruct them that all of the land lying between lots Nos. 1 and 3 was embraced in the levy, even if such instructions had been asked.  As we said in our former opinion, following many adjudicated cases : The limitations in a conveyance are always matter of law; what lands are described, the extent of the description, is often a mixed question of law and fact.  The extrinsic evidence which we shall not undertake to recite, made it so in the present case, and, finding no error in the manner of the submission of the question, we must accept the verdict as establishing the fact, that the levy was upon three distinct and separate lots.  We are, therefore, not at liberty to reform the levy and sheriff's deed by substituting one lot for another, upon the supposition, plausible as it may be, that the sheriff intended to levy upon and sell the former, but, by mistake, described the latter.

We come then to the location of the side lines of lots Nos. 1 and 3.  The description calls for two lots, each thirty-three and one half feet in front, the former adjoining the lot in controversy on the north, and the latter adjoining it on the south. Locating these two lots by the calls for the adjoiner and the courses and distances, and the whole of the land in controversy would be excluded from the levy.  But the court held, following our former opinion, that these matters of description were so far controlled by the call for the buildings, which were to be treated as monuments, that it must be presumed that the sheriff intended to levy, and did levy, upon all the land upon which the buildings actually stand, and left it to the jury to determine from all the evidence, taken in connection with the description, whether more was included in the levy.  In submitting this question to the jury, and in the manner of its submission, we find no error of which the defendant has a right to complain ; and as the legal principles governing the case were very fully considered in our former opinion no good purpose would be subserved by separate discussion of each assignment.

Something was said upon the argument as to the indefiniteness of the verdict, and as to the inclusion in it of part of lot No. 1, which was not embraced in the writ of ejectment and was never claimed by the plaintiff.  We will not discuss these

objections to the form of the verdict, since neither of them is
raised by the assignments of error. We remark, however, that
it seems to us, that the fair construction of the verdict is, that
the jury found in favor of the plaintiff for that part of the land
described in the writ which lies between the liquor store and
the barn. Thus construed it would include no part of lot No. 1.

Judgment affirmed.